(83 Misc. Rep. 624)

### BERUS v. BERUS.

(Supreme Court, Special Term, New York County. January, 1914.)

MARRIAGE (§ 59*)—ANNULMENT—DEFENSES.

Where, in an action to annul a marriage because defendant concealed the fact that he was an ex-convict, and falsely represented that he was a duly licensed attorney, the evidence shows that plaintiff's pregnancy, and not any misrepresentations, was the inducing cause for the marriage, the complaint will be dismissed.

[Ed. Note.—For other cases, see Marriage, Dec. Dig. § 59.*]

Action by Blanche Berus against Herman Berus, to annul marriage. Complaint dismissed.

Towne & Spellman, of New York City, for plaintiff.
Elias Rosenthal, of New York City, for defendant.

COHALAN, J. Action, on the ground of fraud, for the annulment of a marriage. Plaintiff alleges that the defendant represented himself to her as an honest and law-abiding citizen, and as a duly licensed practitioner at the bar, and that in consequence of these representations she married him. After the marriage, she asserts, she learned that he had been convicted of crime, and had served a term of 30 days in a penal institution, that he was not a member of the bar, and that, in fact, because of his conviction, he was ineligible for such membership. There is nothing creditable in the character and record of the defendant, and his frame of mind and his conduct toward the plaintiff, as revealed by his own testimony, best substantiate this assertion. Yet the plaintiff cannot recover in this action unless she has conclusively established her cause of action. While the trial of the case was long and the issues many and involved, in its decision only two propositions require serious attention: First, was the plaintiff induced to enter into the marriage by false representations made to her by the defendant as to his record and character? and, second, did she, after the marriage, condone the alleged false representations, or waive the fraud by voluntarily cohabiting with the defendant?

It is conceded that the alleged misrepresentations of the defendant that he was a lawyer would not afford a ground for annulling the marriage. In considering the first proposition, it may be said that the marriage was not the result of a sudden impulse. The defendant met the plaintiff more than two years before the marriage occurred, and

for more than a year he called regularly upon her in her own home. She had an opportunity, therefore, to appreciate and study his character. The mother and the father of the plaintiff evidently did learn of his bad reputation and his unworthiness, because the mother testified that she informed the plaintiff that she had heard that the suitor had been convicted of a crime, and for that reason had forbidden him to come to her home. The plaintiff herself testified that she had been told by her father—long before the marriage—that the defendant had been a convict. It was in spite of this parental warning and advice that the plaintiff clandestinely continued to meet the defendant. She had been put upon inquiry as to the type of man he was, and as to whether or not he had in reality been a convict. She did not avail herself of the suggestions thus made to her to find out for herself the truth of the situation, but on the contrary, without the presence of any of her relatives, married him on August 10, 1911. The defendant asserts that not only did he tell the plaintiff of his conviction, but that the real reason for the marriage was the fact of their improper intimacy prior to the date of the marriage.

The testimony of the defendant, naked and alone, is despicable and unworthy of belief. However, he is corroborated by two reputable physicians, both of whom testify to having, with her full consent, made a physical examination of the plaintiff. This evidence of the plaintiff's condition as found not long after the marriage stands in the case unchallenged, and no medical testimony of any description has contradicted it. If it be true, there is presented an inducing cause for the marriage much stronger than the representations of good reputation and prosperity in business claimed by the plaintiff to have been made to her by the defendant. If the marriage occurred under these circumstances, it seriously affects the credibility of the plaintiff, and casts doubt, with respect to the false representations, upon the truth of her story. With this medical testimony standing alone in the case, I do not see how I can hold that prior to the marriage the plaintiff was in a condition of pregnancy, and at the same time hold that the marriage was induced by false representations made to her by the defendant. This would seem to be an anomalous situation and one irreconcilable with any reasonable point of view. Hence I am bound to hold that these alleged misrepresentations were not the inducing cause for the marriage. The disposition of the first question renders a discussion of the second proposition scarcely necessary. It is my view that the evidence of the alleged condonation was insufficient, and that the alleged fraud was not waived. The animus displayed in the letter written by the plaintiff from Windsor, Ont., the evidence taken in the Magistrate's Court, and the uncertainty of identification, as testified to by the respective witnesses in the Hotel Gerard, all seem to resolve themselves against the defendant's contention. It appears that this is an unhappy alliance, begotten under unfortunate circumstances, and that the plaintiff is the sufferer therefrom. Yet, viewing all the circumstances, I do not think that she has made out a sufficient case for an annulment. The complaint is dismissed, without costs.

Complaint dismissed, without costs.